UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAZARO D. BORRERO,
    Plaintiff,

vs.                            08-1135

A. KONZ, et al.
    Defendants.

## ORDER

This cause is before the court for consideration of the plaintiff's motion to amend his complaint [d/e 8], motion for appointment of counsel [d/e 4] and motion for a temporary restraining order or preliminary injunction. [d/e 6]

The plaintiff, a federal prisoner, has filed a second complaint which the court will label "First Amended Complaint." [d/e 8] The plaintiff's initial complaint was not written on a standard complaint form and was instead written in letter format. Nonetheless, the plaintiff clearly indicated that it was his intent to file a lawsuit pursuant to *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff's First Amended Complaint is written in complaint format.

Rule 15(a) of the Federal Rules of Civil Procedure clearly provides that a plaintiff "may amend his pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15 (a). Therefore the plaintiff will be allowed to file his First Amended Complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's First Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff claims his constitutional rights were violated at the Federal Correctional Institution in Pekin, Illinois. The plaintiff has named eight defendants including Staff Member A. Konz, Lieutenant H. Wallace, Officer Tapley, Officer Rockhold, Lieutenant Fardel, Captain Verforth, Warden Zuercher and "persons unknown."

The plaintiff alleges that the defendants have taken a variety of actions against him because he is a black, Cuban male. For instance, on April 25, 2008, the plaintiff says he and another inmate were called into an office and accused of not being in the classroom they were assigned to. The plaintiff says Defendant Konz was aware the class had been canceled.

1

Nonetheless, the plaintiff says only he was punished and taken to the Special Housing Unit (Herein SHU).  The plaintiff says he was "illegally held" in SHU and never received an incident report, nor a disciplinary hearing.  The plaintiff says this was also in violation of Bureau of Prison Policy

On April 30, 2008, the plaintiff says he filed grievances against the defendants.  The plaintiff says he received no response.  However, the plaintiff says the defendants began to retaliate against him because of this grievance.

On May 22, 2008, the plaintiff says he stopped in front of his living unit to speak to another inmate.  The plaintiff states that several other inmates were also standing and talking in the area.  The plaintiff says Defendant Tapley, in a racist manner, singled him out and told him to keep moving.  The plaintiff says when he attempted to ask a question, the officer immediately got angry and began yelling at the plaintiff that he needed to listen or go to SHU.  The plaintiff says he was escorted to SHU without any explanation.  The plaintiff says the officer then wrote a disciplinary report against him accusing him of insolence and refusing an order.  The plaintiff says the ticket was dismissed.  Nonetheless, the plaintiff says Defendant Fardel continued to hold the plaintiff in SHU.  The plaintiff alleges that Defendant Fardel was retaliating against him for his earlier grievance.

The plaintiff also says on May 23, 2008, Defendant Rockhold cut off the water to his cell for 33 hours.  The plaintiff says the act was racially motivated.  In addition, the plaintiff says before the defendant turned off his water, he asked the plaintiff if he was the inmate involved in the incident with Officer Tapley.

The plaintiff then details events that occurred in June of 2008.  The plaintiff says in early June, he complained to Defendant Verforth about his time in segregation and he was served with a fraudulent Administrative Detention Order.  In addition, on June 24, 2008, the plaintiff says Defendant Fardel conspired with others to violate his First Amendment rights when he monitored and recorded a telephone conversation.  The plaintiff says he did not receive a copy of this rule violation until July 2, 2008.

The plaintiff claims his time in SHU violates the Fifth and Fourteenth Amendment as well as Bureau of Prisons policies.  The plaintiff says Defendants Verforth and Zuercher were aware of these violations and made no attempt to remedy the problem.  The plaintiff says their actions were motivated by race.

The plaintiff has adequately alleged that Defendants Konz, Wallace, Tapley, Rockhold, Fardel, Verforth and Zuercher violated his equal protection rights under the Fifth Amendment.  To state a *Bivens* Equal protection claim, a prisoner must show that he is a member of a protected class and the defendants treated him differently from other similarly-situated individuals who are not members of that class. *Pacheco v. Lappin,* 2006 WL 237091 (7th Cir. Feb., 1, 2006).

For the purposes of notice pleading, the court also finds that the plaintiff has alleged that Defendant Rockhold violated his Eighth Amendment rights based on his living conditions when he was forced to live in a cell without water. The plaintiff has further alleged that Defendants Rockhold and Tapley retaliated against him for filing a greivance.

The plaintiff repeatedly claims the defendants violated his due process rights either by failing to respond to his grievances or keeping him in SHU without a hearing. The plaintiff also alleges the defendants did not follow Bureau of Prisons policies. None of these allegations state a violation of the plaintiff's constitutional rights.

Prison inmates do not have a constitutionally protected right to a grievance procedure. *See Jones v. North Carolina Prisoners Labor Union,* 443 U.S. 119, 138 (1977). "A prison grievance procedure is a procedural right only, it does not confer any substantive rights upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by" the Constitution. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) *citing Azeez v. DeRobertis,* 568 F. Supp. 8, 10 (N.D. Ill. 1982).

In addition, the plaintiff does not have a due process claim based on his time in SHU. The plaintiff says he was put in SHU on three occasions without proper notice and without a legitimate reason. The plaintiff says he was first in segregation for five days after he was accused of failing to go to class on April 25, 2008. The plaintiff says he was also in segregation after his confrontation with Defendant Tapley on May 22, 2008. The plaintiff admits he did receive a disciplinary report concerning this incident although the charges were eventually dismissed. Finally, the plaintiff says he was still held in SHU after those charges were dropped. However, the plaintiff admits he was held pursuant to the investigation of a threat.

The plaintiff has failed to articulate a violation of his due process rights. The Seventh Circuit has repeatedly held that confinement in disciplinary segregation does not create an "atypical and significant hardship" triggering due process protections. *Thomas v. Ramos,* 130 U.S. 754, 760-62 (7th Cir. 1997); *Fiorentino v. Biershbach,* 2003 WL 1870720 (7th Cir. April 9, 2003).

The plaintiff has also failed to state a claim upon which relief can be granted for incidents that occurred in the last thirty days. Pursuant to 42 U.S.C.§1997e(a), an inmate complaining about the conditions of his confinement must exhaust his administrative remedies **BEFORE** he files a lawsuit. Failure to exhaust is ground for summary dismissal of the complaint. *See Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002); *Ester v Principi,* 250 F.3d 1068, 1071 (7th Cir. 2001). Failure to exhaust is an affirmative defense. *See Jones v Bock,* 549 U.S. 199 (2007). However, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002).

It is clear from the face of the complaint that the plaintiff could not possibly have

exhausted his administrative remedies for his claims that occurred in June and July of 2008. If the plaintiff filed the appropriate grievance form, he must allow prison officials adequate time to respond. The plaintiff's initial complaint was filed on June 10, 2008 and his First Amended Complaint is dated July 8, 2008.

The court notes that the plaintiff's First Amended Complaint does not list the Federal Bureau of Prisons as a defendant. The clerk of the court will be directed to dismiss this defendant. The First Amended Complaint does list "persons unknown" as defendants. (Comp, p. 4) The plaintiff has not properly identified these individuals. The only mention of an unknown defendant in the body of the plaintiff's complaint is an individual who assisted Defendant Fardel in recording a personal telephone conversation on June 24, 2008. The plaintiff could not have exhausted his administrative remedies for this claim and has failed to state a violation of his constitutional rights. No other reference is made to an unknown defendant. The court will therefore dismiss "persons unknown" as defendants.

The plaintiff's claims are against the surviving defendants in their individual capacities only. A *Bivens* action may only be maintained against a federal official in his or her individual capacity; it cannot be maintained against the United States or a federal agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); see also *Cross v. Fiscus*, 830 F.2d 755, 756 (7th Cir.1987) (finding that Bivens only authorizes suits against federal officials in their individual capacities)

## MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff has filed a motion for appointment of counsel claiming that he cannot afford counsel and that he has limited knowledge of the law. The motion is denied. [d/e 4] Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936. The plaintiff's claims are not complex, do not involve medical care and the plaintiff appears competent to represent himself. In addition, the plaintiff must demonstrate that he has made reasonable efforts to retain counsel and was unsuccessful, or that he was effectively precluded from making such efforts. *Jackson v. County of McLean,* 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also Williams v Finney,* 2007 WL 3085958 at 1 (N.D. Ill. Oct. 18, 2007).

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The plaintiff asks for a temporary restraining order or preliminary injunction to" enure that prison staff....no longer subject the plaintiff to unlawful retaliatory action and to ensure that I

receive the same treatment and benefit of other inmates housed at the Prison Special Housing Unit." (Mot, p. 1). In order to obtain a preliminary injunction or temporary restraining order, "the moving party must demonstrate (1) some likelihood that it will prevail on the merits of the claim, (2) absence of an adequate remedy at law, and (3) that it will suffer irreparable harm absent injunctive relief." *Wisconsin Cent. Ltd. v. Public Service Com'n of Wisconsin,* 95 F.3d 1359, 1366 (7th cir. 1996). If the moving party meets these requirements, the district court must then weight the claimed irreparable harm to the movant against the potential injury to the defendant and must consider whether an injunction would disserve the public interest. *Id.*

The plaintiff says he has been denied writing utensils and denied access to legal materials. The plaintiff provides no specific information in support of this claim. The plaintiff should first use the prison grievance procedure. If the plaintiff is unable to prepare for a specific court deadline, he should also inform the court of the specific problems he is facing and inform the court that he needs extra time. The plaintiff further lists problems with other individuals who are not defendants in this lawsuit.

The plaintiff has not met his burden. The plaintiff has not demonstrated an absence of an adequate remedy at law, nor that he will suffer some irreparable injury if the court does not take action. The motion is denied. [d/e 6].

## COURT FILINGS

The court notes that the plaintiff filed various documents with the court on June 27, 2008. The plaintiff states that the documents contain an affidavit and other documents in support of his complaint. The clerk of the court is directed to strike the documents. The plaintiff need not provide supporting documents at this time. In addition, the plaintiff is advised that in the future, he should not file documents in the form of a letter with the court. He should file documents clearly entitled "motion" that state specifically what action he is asking for. Or, the plaintiff may file responses to motions filed by the defendants.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to file an amended complaint is granted. [d/e 8]. The Clerk of the Court is directed to file the First Amended Complaint.**

**2) Pursuant to its merit review of the First Amended Complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

> **a) Defendants Konz, Wallace, Tapley, Rockhold, Fardel, Verforth and Zuercher violated his equal protection rights under the Fifth Amendment;**
> **b) Defendant Rockhold violated his Eighth Amendment rights based on the plaintiff's living conditions without water; and**
> **c) Defendants Rockhold and Tapley violated the plaintiff's First Amendment rights when they retaliated against him for his prior grievances.**

**The claims area against the defendants in their individual capacities only.**

**3)  All other claims based on federal law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.  The clerk of the court is directed to Dismiss Defendants Federal Bureau of Prisons and "persons unknown."**

**4)  This case shall proceed solely on those federal claims identified in paragraph (2) above. Any claims not set forth in paragraph (2) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**8) The plaintiff's motion for appointment of counsel is denied. [d/e 4]**

**9) The plaintiff's motion for a temporary restraining order or preliminary injunction is denied. [d/e 6]**

**10) The clerk of the court is directed to strike the documents filed by the plaintiff on June 27, 2008. [d/e 5]**

Entered this 16th Day of July, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE