E-FILED
Thursday, 13 August, 2009  03:07:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAZARO D. BORRERO,
   Plaintiff,

   vs.                          No. 08-1135,

A. KONZ, et. al.,
   Defendants

<u>SUMMARY JUDGEMENT ORDER</u>

     This cause is before the court for consideration of the parties motions for summary judgement [d/e 47, 51].

## I. BACKGROUND

     The plaintiff, a federal prisoner, filed his complaint  on June 10, 2008 pursuant to *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).  The plaintiff then filed a motion to amend his complaint on July 11, 1008.   The court allowed the plaintiff's motion to amend and conducted a merit review of the proposed amended complaint on July 16, 2008.  The court found the plaintiff has adequately alleged that Defendants A Konz, H. Wallace, Tapley, Rockhold, Fardel, Verforth and Zuercher had violated his constitutional rights at the Federal Correctional Institution in Pekin, Illinois.  Specifically, the court found that:

     1) the defendants violated the plaintiff's equal protection rights under the Fifth Amendment based on his treatment as a black, Cuban inmate;
     2) Defendant Rockhold violated the plaintiff's Eighth Amendment rights based on the plaintiff's living conditions; and
     3) Defendants Rockhold and Tapley violated the plaintiff's First Amendment rights when they retaliated against the plaintiff based on his prior grievances.  July 16, 2008 Merit Review Order.

     The defendants have filed a motion for summary judgement claiming only that the plaintiff failed to exhaust his administrative remedies. [d/e 47].  The plaintiff filed a response to the dispositive motion [d/e 49, 50], but also filed his own motion for summary judgement. [d/e 51, 52, 53].   The court notes that much of the plaintiff's motion for summary judgement also addresses the issue of whether the plaintiff did exhaust his administrative remedies.   Since exhaustion is a preliminary requirement, the court will consider the defendants' motion for summary judgement first along with all responses filed by the plaintiff.

## II. FACTS

The Federal Bureau of Prisons (BOP) has an established grievance procedure for federal inmates.  An inmate is first required to attempt to resolve his grievance informally by presenting the issue to correctional staff. 28 C.F.R. §542.13.  If this is not successful, the inmate must submit a formal written administrative remedy request within 20 days of the incident which lead to the inmate's grievance. 28 C.F.R. §542.14.  If the inmate is not satisfied with the warden's response to this request, the inmate may make an initial appeal to the appropriate regional director within 20 days of the warden's signed response. 28 C.F.R. §542.15.  If still not satisfied, the inmate may take the final step of appealing to the BOP'S general counsel in Washington, D.C. within 30 days of the regional director's signed response.

The Senior Attorney-Advisor for the Federal Bureau of Prisons, Vincent Shaw, says he is familiar with the bureau's grievance procedure and has reviewed the bureau's records. (Def. Memo, Shaw Aff, p. 1) Shaw states that the plaintiff has submitted 50 administrative remedies since his incarceration began in 2005.  Shaw says a few of these remedies pertain to the allegations in the plaintiff's complaint.

> However, at no point did the Plaintiff fully exhaust any of these
> administrative remedy requests by appealing his administrative
> complaints to the BOP's general counsel in Washington, D.C. as
> is required to fully exhaust the BOP administrative remedy process.
> (Def. Memo, Shaw Aff., p. 3)

The defendant has attached a copy of computerized print out listing when the plaintiff's grievances were filed, but the documents provide little information about the content of the grievances.

## III. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.  A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the nonmoving party.  *Id.*

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record.  *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970)*;  Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992).  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994).  "Summary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir.

1994).

## IV.  ANALYSIS

The defendants state that the motion for summary judgment should be granted because the plaintiff has failed to exhaust his administrative remedies as required.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001).  The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default.  *Pozo,* 286 F.3d at 1025.

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e et seq. ("the PLRA"), does not define "availability" for purposes of the exhaustion requirement.  Nonetheless, it is clear that a plaintiff's claims cannot be dismissed if "prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809-10 (7th Cir.2006).

The defendants have presented evidence that the plaintiff did not fully exhaust his administrative remedies for any of the claims in his complaint.   The plaintiff argues that the motion for summary judgement should not be granted because there are still unresolved issues of disputed material fact and he is not required to exhaust his administrative remedies for a *Bivens* claim seeking only money damages.   The plaintiff is incorrect.  Exhaustion is an initial requirement that the plaintiff must complete before filing his lawsuit. *See Porter v Nussle,* 534 U.S. 516, 524 (2002); *see also Riccardo v Rausch,* 375 F.3d 521, 524 (7th Cir. 2004).

The plaintiff also claims the defendants somehow interfered with his ability to exhaust his administrative remedies.  The plaintiff appears to be claiming that the BOP did not timely respond to his appeal.  The plaintiff says he filed an appeal on October 20, 2008, and General

Counsel requested an extension of time to respond until December 19, 2008.   The plaintiff fails to mention that he filed his complaint in this case on June 10, 2008, so he clearly had not fully completed the grievance process *before* he filed this lawsuit.

The plaintiff has failed to provide any evidence that he did successfully exhaust his administrative remedies for any of the claims in his complaint.

**IT IS THEREFORE ORDERED that:**

**1) The defendants motion for summary judgement  is granted pursuant to  Fed. R. Civ. P. 56. [d/e 47]   The clerk of the court is directed to enter judgment in favor of the defendants in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**

**2) The plaintiff's motion for summary judgement is denied as moot. [d/e 51]**

**3) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)©.  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**4) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**5) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

4

Entered this 13th day of August, 2009.


**s\Harold A. Baker**

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE